```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HEINY NUNEZ,

                Plaintiff,

   -v-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                Defendant.

---

Case No. 25-1301
<u>PROTECTIVE ORDER</u>

    WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), it is hereby:

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action:

1.     Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information. "Confidential Information" means any document that is stamped or otherwise designated as "CONFIDENTIAL."

2.     Among other documents and information, the Parties and attorneys to the above-captioned matter are authorized to receive, subpoena, and transmit protected health information pertaining to Heiny Nunez to the extent and subject to the conditions set forth herein. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501, including, but not limited to, information related to: (i) the past, present, or future physical or mental condition of Heiny Nunez; (ii) the provision of care to Heiny Nunez; and (iii) the payment for care provided to Heiny Nunez which identifies Heiny Nunez or which reasonably could be expected to identify Heiny Nunez. All "protected health information" is designated Confidential Information under this Order. All "covered entities," as defined in 45 C.F.R. § 160.103, are authorized to disclose relevant protected health information pertaining to Heiny Nunez to all attorneys in this Action.

3.  With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential Information either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "CONFIDENTIAL"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated as Confidential Information, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During this 30-day period, the entire deposition transcript will be treated as if it had been designated as Confidential Information.

4.  The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action. Any person or entity in possession of Confidential Information shall maintain the information in a reasonably secure manner, and shall not reveal or discuss such information with any person not entitled to receive it, so that the Confidential Information is not further disclosed or used in any manner inconsistent with this Order. Personal information, including social security numbers and personal addresses, shall be redacted prior to the exchange of protected health information or any other Confidential Information.

5.  No person subject to this Protective Order other than the producing person shall disclose any of the information designated by the producing person as Confidential Information to any other person whomsoever, except to:

    a.  the Parties to this action, their insurers, and counsel to their insurers;

    b.  counsel for the Parties, including in-house counsel, and any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

    d.  any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e.  as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

      f.      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      g.      any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      h.      stenographers engaged to transcribe depositions conducted in this action; and

      i.      this Court, including any appellate court, and the court reporters and support personnel for the same.

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require persons described in paragraphs 5(d),(f),(g) to sign an agreement to be bound by this Order in the form attached hereto.

7. In the event a Party challenges another Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

8. Any Party who requests additional limits on disclosure (such as "Attorneys' Eyes Only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with this Court's procedures.

9. The disclosure of a document or information without designating it as Confidential Information shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Order.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing Party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the Party who received PII experiences a data breach, it shall immediately notify the producing Party of same and cooperate with the producing Party to address and remedy the breach. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

11. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

    If a disclosing Party makes a claim of disclosure of privileged or work-product protected information, the receiving Party shall, within five business days, return or destroy all copies of the inadvertently disclosed information and provide a certification of counsel that all such information has been returned or destroyed.

    The disclosing party retains the burden of establishing the privileged or protected nature of any protected information. Nothing in this Order shall limit the right of any party to request an in-camera review of the protected information.

12. Notwithstanding the designation of information as Confidential Information in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information, including protected health information, and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

14. Nothing in this Order authorizes counsel to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, patient authorizations, or other lawful processes.

15. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

16. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| **Freshfields US LLP** | **Corporation Counsel of the City of New York** |
|---|---|
| */s/ Rebecca Kerr* <br> Dated: October 9, 2025 | */s/ Conner Quinn* <br> Dated: October 9, 2025 |
| Rebecca Kerr <br> Maylin Meisenheimer <br> Andrew D. Gladstein <br> Young Park <br> FRESHFIELDS US LLP <br> 3 World Trade Center <br> 175 Greenwich Street <br> New York, New York 10007 <br> (212) 277-4000 | Conner Quinn <br> Assistant Corporation Counsel <br> 100 Church Street <br> New York, New York 10007 <br> (212) 356 3574 <br><br> *Counsel for NYC DOE* |

**THE LEGAL AID SOCIETY**

Elizabeth Saylor
Richard E. Blum
Employment Law Unit
49 Thomas Street, 5th Floor
New York, New York 10013
332-400-7956

*Counsel for Plaintiff*

SO ORDERED.

KATHARINE H. PARKER, U.S.M.J.

Dated: 10/20/2025
New York, New York

**<u>Agreement</u>**

  I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as Confidential Information and/or protected health information. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)